UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DEUTSCHE BANK NATIONAL TRUST, : CASE NO. 1:07-CV-02362
COMPANY, as Trustee, :
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 1, 14, 17, 18, 19.]
DUAWN E. KEY, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is a motion for an order of the sale of the property located at 8601 Macomb Avenue, Cleveland, OH 44105, filed by the Plaintiff, Deutsche Bank National Trust Company ("Deutsche Bank"). [Doc. 19.] The Defendant has not opposed the motion.

For the following reasons, this Court **DENIES** the Plaintiff's motion for an order of sale and **DISMISSES** this case without prejudice.

I. Background

On August 2, 2007, Plaintiff Deutsche Bank filed a complaint against Defendant Duawn E. Key ("Key") for foreclosure on the property located at 8601 Macomb Avenue, Cleveland, OH 44105. [Doc. 1-1.] The Plaintiff claimed that this Court possessed subject matter jurisdiction over the case based on federal diversity jurisdiction. *Id.* The Plaintiff alleged that the Defendant defaulted on the note and mortgage that he had executed on the property. *Id.*

On October 3, 2007, the Court entered a default in favor of the Plaintiff in this case. [Doc. 14.] On October 26, 2007, the Court entered a judgment and decree of foreclosure. [Doc. 17.] The Plaintiff subsequently filed a motion for an order compelling the sale of the property on November 8, 2007. [Doc. 19.]

II. Discussion

Parties that file cases in federal court on the basis of diversity jurisdiction bear the burden of establishing that such subject matter jurisdiction exists. *Coyne v. Am. Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999). As a jurisdictional prerequisite, the plaintiff must establish that he or she has standing to bring the lawsuit in federal court. *Id.* at 494; *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996). The issue of standing must remain open to judicial review at every stage of the litigation. *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255 (1994). In order to demonstrate standing, a plaintiff must prove that he has suffered an injury in fact, the injury must be "fairly traceable" to the defendant, and the requested relief must be capable of redressing the injury. *Coyne,* 183 F.3d at 494. Article III of the U.S. Constitution requires that the plaintiff demonstrate that he has personally suffered an actual injury due to the defendant's conduct. *Id.*

In this case, the Plaintiff, Deutsche Bank, claims that it is the holder and owner of the Note and Mortgage executed on the Defendant's property. [Docs. 1-1, 4-1.] However, upon closer examination of the record, the Note and Mortgage provided by the Plaintiff show that the mortgagee at the time of the filing of the complaint was the original lender, Long Beach Mortgage Company. [Docs. 1-3, 1-4.] Additionally, the Preliminary Judicial Report, which the Plaintiff attached as an exhibit to the complaint, does not mention the Plaintiff at all in its record of chain of title. [Doc. 1-5.]

The Court's Fifth Amended General Order No. 2006-16, governing foreclosure cases based on diversity jurisdiction, requires the Plaintiff to file an affidavit with the complaint that identifies the Plaintiff either as the original mortgage holder, an assignee, trustee, or successor-in-interest. In its affidavit, the Plaintiff asserted that it was the owner and holder of the relevant Note and Mortgage, but did not indicate any assignment of interest. [Doc. 4-1.] On August 24, 2007, the Plaintiff filed a notice of an assignment of the Mortgage. [Doc. 5-2.] In that filing, the Plaintiff produced evidence showing that the original lender transferred its right, title, and interest in the relevant property to the Plaintiff, as Trustee for Long Beach Mrtgage Loan Trust 2005-2, on August 8, 2007, after the lawsuit commenced. *Id.* The Final Judicial Report, filed on October 4, 2007, confirms this assignment that was recorded on August 14, 2007. [Doc. 16-2.]

The record, therefore, does not show that the Plaintiff was the owner and holder of the interest, title, and rights under the Mortgage and Note at the time of the filing of the foreclosure complaint on August 2, 2007. Plaintiff Deutsche Bank does not appear to have had any ownership interest at the time that this lawsuit was commenced. The Plaintiff, therefore, has not carried its burden of proving standing because it has not shown that it personally suffered an actual injury prior to the filing of the complaint. *Coyne*, 183 F. 3d at 494. Plaintiff Deutsche Bank has thus not met the prerequisite for establishing that subject matter jurisdiction exists in this case.

The Court, therefore, **DISMISSES** this case without prejudice. Accordingly, all orders of the Court and any entries by the Clerk are vacated. If the Plaintiff has information to establish that it was the owner and holder of the Note and Mortgage as of the date that the complaint was filed, the Plaintiff may provide that evidence to the Court and seek reconsideration of this Order.

IT IS SO ORDERED.

Dated: December 12, 2007                    s/        *James S. Gwin*
                                                                          JAMES S. GWIN
                                                                          UNITED STATES DISTRICT JUDGE